IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 118-008 |
| | ) | |
| DETRA WILEY PATE | ) | |

**O R D E R**

Presently before the Court are three remaining pretrial discovery motions by Defendant. (Doc. nos. 27, 28, 32.) The Court held a hearing as to these motions on August 9, 2018. For the reasons stated below, the Court **DENIES AS MOOT** Defendant's Motion for Disclosure of Material, Exculpatory, or Impeachment Evidence or Information Pursuant to Brady, Giglio, and the Jencks Act, (doc. no. 27), **DENIES** Defendant's Motion for Discovery and Inspection, (doc. no. 28), and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Bill of Particulars, (doc. no. 32)

## I. MOTION FOR DISCLOSURE OF MATERIAL, EXCULPATORY, OR IMPEACHMENT EVIDENCE OR INFORMATION PURSUANT TO BRADY, GIGLIO, AND THE JENCKS ACT

Defendant lists dozens of specific discovery requests and seeks a detailed response from the government concerning whether it has produced information responsive to each request. At the hearing, the government provided assurances it has provided all evidence and information in its possession related to this case with the sole exception of privileged attorney work product. The government also acknowledged its continuing obligation to provide any new material received. Defendant could not point to any materials she believes

the government has not produced.  The Court **DENIES** as **MOOT** Defendant's Motion for Disclosure of Material, Exculpatory, or Impeachment Evidence or Information Pursuant to Brady, Giglio, and the Jencks Act.  (Doc. no. 27.)

## II.     MOTION FOR DISCOVERY AND INSPECTION

At the August 8th hearing, Defendant stated the only remaining unresolved issue in its Motion for Discovery and Inspection, (doc. no. 28), is its request for a witness list from the government.   In non-capital cases, a defendant is generally not entitled to a list of government witnesses.  United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981).  Therefore, the Court **DENIES** Defendant's motion.  (Doc. no. 28.)  Notably, as a practical matter, much of this information should be contained in discovery and the Court customarily requires the parties to submit witness lists in advance of trial, by the time of the pretrial conference.

## II.     MOTION FOR BILL OF PARTICULARS

Defendant is charged with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, thirty-six counts of health care fraud in violation of 18 U.S.C. 1347, eight counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, and nine counts of money laundering transactions over $10,000 in violation of 18 U.S.C. § 1957. (Doc. no. 1.)  Defendant seeks the identity of, and description of acts committed by, unnamed "others" wherever set forth in the indictment and the identity of and acts committed in furtherance of any conspiracy by any unindicted co-conspirators known to the government. (Doc. no. 32, p. 1.)

The Federal Rules of Criminal Procedure explain the Court may direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is: "to inform the defendant of the charge against [her] with sufficient precision to allow [her] to prepare [her] defense, to minimize surprise at trial, and to enable [her] to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted). When necessary, a bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. "The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense." United States v. Acosta, 807 F. Supp.2d 1154, 1268 (N.D. Ga. 2011) (citation omitted). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion causes actual surprise to a defendant at trial resulting in prejudice to her substantial rights. United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006) (*per curiam*) (citing United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)).

A bill of particulars is the proper procedure for discovering the names of known unindicted co-conspirators. Anderson, 799 F.2d at 1442, n.5 (stating bill of particulars is proper procedure for discovering names of unindicted coconspirators government plans to use as witnesses); Henley, 2017 WL 2952821, at *14-18 (denying motion for bill of particulars except as to identities of known, unindicted co-conspirators).

However, generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (citing United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). "A bill of particulars may not be

used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) (citing United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978); United States v. Henley, CR No. 1:16-CR-00151-LMM-JFK, 2017 WL 2952821, at *16 ("To the extent Defendant seeks details as to the dates, times, locations and actions undertaken, either by him or one or more co-conspirators, in furtherance of either conspiracy, his requests exceed the proper scope of a bill of particulars.").

Accordingly, the Court **GRANTS IN PART** Defendant's motion as to the identities of known unindicted co-conspirators and **DENIES IN PART** Defendant's motion as to the remaining information sought. (Doc. no. 32.)

SO ORDERED this 10th day of August, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA