# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 118-008 |
| | * | |
| DETRA WILEY PATE | * | |
| | * | |

# O R D E R

Pending before the Court is the Government's Second Motion in Limine, which asks the Court to permit the use of a K0004 wheelchair, a K0007 wheelchair, and related accessories as demonstrative aids at trial. These items are offered as "demonstrative" exhibits, which signifies the exhibit is not itself evidence but instead is "a persuasive pedagogical tool created and used by a party as part of the adversarial process to persuade the jury." Baugh ex rel. Baugh v. Cuprum S.A. da C.V., 730 F.3d 701, 706-09 (7th Cir. 2013) (reviewing definition of "demonstrative evidence")

District courts enjoy wide discretion to admit demonstrative exhibits. United States v. Gaskell, 985 F.2d 1056, 1060 (11th Cir. 1993). The offering party must establish that the exhibit and the object it purports to represent "must be so nearly the same in substantial particulars as to afford a fair comparison." Id.; see also United States v. Ferguson, 212 F. App'x 873, 876

(11th Cir. 2006) (admitting photographs of reconstructed crime scene as demonstrative aids but not evidence). Further, like any evidence offered, demonstrative exhibits should be excluded if the probative value is substantially outweighed by the risk of unfair prejudice or jury confusion. FED. R. EVID. 403.

The Government will be permitted to use K0007 and K0004 wheelchairs and related accessories as demonstrative exhibits only if the specifications of the exhibits used at trial are the same or substantially similar to the specifications of the wheelchairs and accessories Defendant allegedly billed for or provided to patients. Further, if the Government intends to introduce a new K0007 wheelchair it must also introduce a new K0004 wheelchair, not the used K0004 wheelchair the Government presented during the pretrial conference. The demonstrative exhibits will be accompanied by a limiting instruction and will not be permitted to go to the jury during deliberations.

The Court finds that the dangers of unfair prejudice or jury confusion do not substantially outweigh the probative value of the demonstrative exhibits. The health care fraud alleged by the Government involved a scheme to bill Medicare for K0007 wheelchairs while providing K0004 wheelchairs to patients. K0007 wheelchairs, unlike the K0004 model, are specifically designed for use by individuals weighing more than 300 pounds. The jury's ability to visualize the difference in scale and design between a K0007

wheelchair and a K0004 wheelchair is helpful in understanding the scheme alleged. This raises the probative value of the exhibits above the risk of unfair prejudice to Defendant or jury confusion. Finally, because both model wheelchairs will be in the same condition – instead of a new K0007 sitting next to a used K0004 – the risk of unfair prejudice to Defendant is diminished.

Based on the foregoing, the Government's Second Motion in Limine (doc. 72) is **GRANTED,** subject to the above limitations. The parties are **DIRECTED** to file proposed jury instructions on the use of the demonstrative exhibits.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of December, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA