IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                           *
        v.            *        CR 118-008
                           *
DETRA WILEY PATE         *
                           *

## O R D E R

Before the Court is the Government's "Motion for Restraining Order to Preserve Assets for Restitution." (Doc. 144.) The Government's motion requests a post-conviction restraining order preventing Defendant Detra Wiley Pate from selling, disposing, or concealing certain assets[1] before the Court enters a restitution order at sentencing. Without a restraining order the Government may be unable to enforce the Court's restitution order[2] and fulfill the Government's duty to ensure victims receive restitution allowed by law. See 18 U.S.C. § 3771; 18 U.S.C. § 3613.

The Court first notes that it is empowered under the All Writs Act, 28 U.S.C. § 1651, to issue orders "as may be necessary or appropriate to effectuate and prevent the frustration of orders it

---

[1] The property identified by the Government includes Defendant's ownership interests in Southern Respiratory, LLC and Double T Holdings, LLC; two parcels of real property in McDuffie County, Georgia; and non-essential personal property items valued higher than $2,000.00 including, but not limited to, a Rolex watch, a diamond ring, and an all-terrain vehicle. (Decl. of David Graupner, Doc. 144-1, ¶ 6; Decl. of Gary Purvis, Doc. 144-2, ¶ 4.)
[2] Restitution is mandatory in this case under the Mandatory Victims Restitution Act. See 18 U.S.C. § 3663A(c)

has previously issued in its exercise of jurisdiction otherwise obtained." United States v. New York Tel. Co., 434 U.S. 159, 172 (1977). This includes restraining a criminal defendant, post-conviction but prior to sentencing, from disposing of or concealing her assets in anticipation of ordering mandatory restitution. See United States v. Catoggio, 698 F.3d 64, 67-69 (2nd Cir. 2012) (affirming authority to restrain a post-conviction defendant's assets in anticipation of sentencing and collecting cases from other circuit and district courts holding the same). Indeed, absent this authority "the court is without any meaningful ability to impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation." United States v. Gates, 777 F. Supp. 1294, 1295 n.7 (E.D. Va. 1991); see also United States v. Sullivan, 2010 WL 5437243, at *6 (E.D.N.C. Nov. 17, 2010).

The Court finds it necessary to hold a hearing on the Government's motion. The hearing will be held **Wednesday, April 17, 2019**, at 10:00 AM in Courtroom Two, Federal Justice Center, 600 James Brown Boulevard, Augusta, Georgia.

Further, the Court is cognizant of the risk that Defendant could conceal or dispose of assets prior to the hearing. This risk implicates the same concerns identified by the Gates court regarding the ability to impose a proper sentence. Accordingly,

the Court, pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651, hereby **ENTERS** a temporary restraining order **ENJOINING** Defendant Detra Wiley Pate, her representatives, attorneys, agents, family members, and others, from selling, transferring, alienating, assigning, leasing, encumbering, concealing, or otherwise disposing of, without prior approval of the Court, any real property, financial accounts, ownership interests in any limited liability company, corporation, partnership, or other entity, non-essential personal property that exceeds $2,000.00 in value and in which Defendant has an interest, or the proceeds of any sale, lease, encumbrance, or conveyance of the aforementioned assets executed after her conviction on December 11, 2018.[3] This temporary restraining order shall remain in effect until the Court rules on the Government's motion or until otherwise modified by the Court.

    **ORDER ENTERED** at Augusta, Georgia, this _____ day of April, 2019.

 

                        _____

                        J. RANDAL HALL, CHIEF JUDGE
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court may enter injunctive relief under the All Writs Act without strict compliance with the procedural requirements of Federal Rule of Civil Procedure 65, so long as the injunction is "specific and definite enough to apprise those within its scope of the conduct being proscribed." United States v. Yielding, 657 F.3d 722, 727–28 (8th Cir. 2011) (quoting In re Baldwin-United Corp., 770 F.2d 328, 338 (2d Cir. 1985)).