IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DETRA WILEY PATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 118-008 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, through counsel, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 222), Petitioner's § 2255 motion be **DISMISSED**, (doc. no. 219), this case be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.    **BACKGROUND**

A.    **Indictment and Trial**

In an indictment returned on March 7, 2018, a grand jury in the Southern District of Georgia charged Petitioner in a fifty-four count indictment as follows: Count One, conspiracy to commit health care fraud; Counts Two through Twenty-Five, health care fraud (wheelchairs and accessories); Counts Twenty-Six through Thirty-Four, health care fraud (wheelchairs); Counts Thirty-Five through Thirty-Seven (CPAP accessories); Counts Thirty-Eight through

Case 1:18-cr-00008-JRH-BKE   Document 240   Filed 07/01/24   Page 2 of 10

Forty-Five, aggravated identity theft; and Counts Forty-Six through Fifty-Four, money laundering transactions over $10,000.  (Doc. no. 1).

The conspiracy and fraud charges in Counts One through Thirty-Seven, as well as the money laundering charges in Counts Forty-Six through Fifty-Four, each carried a possible prison sentence of not more than ten years, a fine of not more than $250,000, supervised release of not more than 3 years, a special assessment of $100, and restitution as ordered by the Court. (Doc. no. 2.)  The aggravated identity theft charges in Counts Thirty-Eight through Forty-Five each carried a possible prison term of two years consecutive to any underlying felony conviction, a fine of not more than $250,000, supervised release of not more than 3 years, and a special assessment of $100.  (Id.)  Petitioner initially retained attorney Scott R. Grubman to represent her, and later also retained attorneys Lauren Warner and Samuel Donald.  (Doc. nos. 39, 41, 164-65.)

On October 16, 2018, the Court scheduled jury selection and trial to begin December 6, 2018.  (Doc. no. 60.)  On November 5, 2018, the government moved to dismiss Counts 5, 7, 9, 11, 14, 16, 26, 29, 31, and 46 through 54 of the Indictment without prejudice and to renumber the remaining Counts accordingly.  (Doc. no. 64.)  On December 6, 2018, Chief United States District Judge J. Randal Hall granted the motion for the purposes of trial.  (Doc. no. 86.)  Accordingly, the count structure as renumbered and presented in the government's motion was approved for use at trial.  (Id.; see also doc. no. 64-1.)

At the end of the three-day trial that included nineteen witnesses and more than two hundred exhibits, (Doc. no. 142, pp. 2-7), the jury deliberated just under four hours before finding Petitioner guilty of renumbered Count One, conspiracy to commit health care fraud; Counts Two through Twenty-Two, health care fraud; Counts Twenty-Six through Twenty-

Eight, health care fraud; Counts Twenty-Nine through Thirty-Six, aggravated identity theft; and not guilty of renumbered Counts Twenty-Three through Twenty-Five, health care fraud. (Id. at 744-45; doc. no. 102.)

### B.   Sentencing

The United States Probation Office prepared a Presentence Investigation Report, (doc. no. 181, "PSI"), which set Petitioner's Total Offense Level at thirty with criminal history I and a Guidelines imprisonment range of 97 to 121 months for the conspiracy and fraud counts. (PSI ¶¶ 49, 53, 78.)   As to Counts Twenty-Nine through Thirty-Six, the Guidelines imprisonment range was dictated by statute as two years for aggravated identity theft, consecutive to any other sentence imposed.  (PSI ¶¶ 78-79.)  The PSI detailed a number of enhancements and adjustments, including that the probation officer found Petitioner had not accepted responsibility for her crime, obstructed justice, and played an organizing or leadership role in the offense.  (PSI ¶¶ 30-49.)

Petitioner objected to "the additional 2-points for each of the following enhancements: sophisticated means ([PSI ¶¶ ]33, 41), role in the offense ([PSI ¶ ]35), obstruction of justice ([PSI ¶¶ ]23, 36), and the number of false names/numbers used to commit the offense ([PSI ¶¶ ]32, 40)."  (Doc. no. 169, p. 12.)   At sentencing, Petitioner withdrew the objection to the number of false names/numbers used to commit the offense.  (Doc. no. 193, p. 61; PSI ¶¶ 32, 40.)  Judge Hall overruled the remaining objections, (doc. no. 193, pp. 40, 47, 60), adopted the factual statements in the PSI as amended at sentencing as the Court's findings of fact, (id. at 3-27, 61), and adopted the Guidelines calculations, (id. at 61-62).

After reviewing over seventy letters of support and hearing from counsel, several mitigation witnesses, the government, and Petitioner, (id. at 63-146, 148), Chief Judge Hall

imposed a sentence of 121 months in prison, calculated as follows:  97 months each for Counts
One, Two through Twenty-Two, and Twenty-Six through Twenty-Eight, and 24 months each
for Counts Twenty-Nine through Thirty-Six, to be served concurrently but consecutive to the
97-month term imposed for the other counts, (id. at 150; doc. no. 174).  Chief Judge Hall also
ordered Petitioner be placed on supervised release for three years following her term of
imprisonment, pay a special assessment of $100 for each count, for a total of $3,300, and pay
restitution in the amount of $950,000 to Medicare.  (Doc. no. 193, pp. 152-51; doc. no. 174.)

C.      § 2255 Proceedings

Petitioner, through counsel, timely filed a motion and accompanying brief pursuant to
28 U.S.C. § 2255 to vacate, set aside, or correct her sentence and a petition for a writ of coram
nobis, (doc. nos. 207-208), which she subsequently amended, (doc. no. 212).   In light of
Petitioner's piecemeal amendment, the Court ordered her to file one amended petition
containing all her stated grounds for relief, which would supersede Petitioner's prior filings.
(Doc. no. 218.)  In accordance with the Court's instructions, Petitioner filed the instant § 2255
motion to vacate, set aside, or correct her sentence,[1] raising the following claims:

(1)      Petitioner's conviction and twenty-four-month consecutive sentence for
health care fraud is improper in light of Dubin v. United States, 599 U.S.
110 (2023).

(2)      Petitioner's sentencing guideline range was improperly calculated using
intended loss, contrary to United States v. Dupree, 57 F.4th 1269 (11th
Cir. 2023).

(3)      Petitioner is entitled to a retroactive two-point reduction in "status
points" in light of a November 20, 2023, amendment to the Sentencing

---

[1] Because Petitioner filed an amended petition, which supersedes and replaces Petitioner's prior pleadings, her prior pleadings are inoperative and the Court **DIRECTS** the **CLERK** to terminate the motions associated with them.  (Doc. nos. 207, 212.)  See Malone v. Sec'y, Fla. Dep't of Corr., No. 806-720, 2009 WL 2579216, at *1 (M.D. Fla. Aug. 20, 2009).

Guidelines ("Amendment 821").

(Doc. no. 219.)

On November 20, 2023, Respondent filed a motion to dismiss, contending Petitioner's

Dubin claim was procedurally defaulted and meritless, her Dupree claim was untimely and not

cognizable under § 2255, and her Amendment 821 claim was premature and improperly raised

in her § 2255 petition.  (See generally doc. no. 222, "Resp't's Mot. to Dismiss.")  On December

13, 2023, Petitioner filed a response in opposition to the motion.  (Doc. no. 228, "Pet'r's Resp.

Br.")

**F.      Petitioner's Compassionate Release**

The same day Petitioner filed her original § 2255 motion, she also filed a Motion for

Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. no. 203; see also doc.

no. 204.)  In her amended motions for compassionate release, Petitioner raised the Amendment

821 claim raised as Ground Three in the instant petition.  (See doc. nos. 227, 230.)

While the instant § 2255 motion was pending but after briefing had concluded, on

January 22, 2024, Chief Judge Hall granted Petitioner's Motion for Compassionate Release

under 18 U.S.C. § 3582(c)(1)(A).  (Doc. no. 231.)  However, Chief Judge Hall dismissed

without prejudice Petitioner's amended motions seeking relief under Amendment 821, (doc.

nos. 227, 230), noting the Court would not consider motions initiated by federal defendants

prior to February 1, 2024, Amendment 821's retroactive application date, (doc. no. 231, p. 11).

In granting compassionate release, Chief Judge Hall reduced Petitioner's custodial term of

imprisonment to time served and modified Petitioner's supervised release to require a total of

five years of supervised release, with the first twenty-four months on home detention.  (Id.)

As a result of Chief Judge Hall's modification of Petitioner's sentence, Petitioner was released

from custodial imprisonment thirty-eight months earlier than her initial sentence provided. (See id.; doc. no. 233, p. 2.)

In light of Chief Judge Hall's ruling, the Court ordered the parties to file a Joint Status Report, identifying whether the arguments raised in Petitioner's amended § 2255 motion and Respondent's motion to dismiss stand, are moot, or otherwise require clarification or amendment. (Doc. no. 232.) The parties timely filed their Report and agreed the arguments raised as Grounds One and Two are rendered moot in light of Petitioner's compassionate release. (Doc. no. 233.) However, the parties disagreed regarding the Amendment 821 claim raised as Ground Three, with Respondent arguing the claim is moot and Petitioner disagreeing for unspecified reasons. (Id. at 2.)

## II.    STANDARD

A prisoner may move under 28 U.S.C. § 2255 to vacate, set aside, or correct a federal sentence imposed in violation of the Constitution or laws of the United States, imposed by a court lacking jurisdiction, exceeding the maximum authorized by law, or otherwise subject to collateral attack. However, the collateral relief available under § 2255 is limited, as the statute "does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014). Rather, "relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)).

## III.   DISCUSSION

### A.   Grounds One and Two Are Moot by Agreement of the Parties

As noted above, the parties concede in their Joint Status Report that Petitioner's <u>Dubin</u> and <u>Dupree</u> claims raised as Grounds One and Two, respectively, are moot following Petitioner's compassionate release.  (Doc. no. 231, p. 1.)  Accordingly, the Court finds Grounds One and Two of the instant motion are rendered **MOOT** by agreement of the parties and need not substantively address these claims.

### B.   Petitioner's Amendment 821 Claim Is Not Cognizable Under § 2255

In the instant petition, Petitioner asks the Court to "review her sentence" to determine "if she is eligible" for a retroactive two-point reduction in her status points calculation pursuant to Amendment 821.  (Doc. no. 228, pp. 6-7; doc. no. 219, p. 7); <u>see also</u> U.S.S.G. § 4C1.1. Respondent contends Petitioner's Amendment 821 claim is premature, improperly raised in her § 2255 petition, and is now moot because she has been released from imprisonment.  (Doc. 222, p. 17; doc. no. 233, p. 2.)  The Court agrees Petitioner's Amendment 821 claim may be presented in an 18 U.S.C. § 3582(c)(2) motion and is not cognizable under § 2255.

Amendment 821 claims, standing alone, fall beyond the ambit of § 2255.  Amendment 821 permits "a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for 'a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors.'"  <u>United States v. Barbieri</u>, No. 18-20060-CR, 2023 WL 8472741, at *1 (S.D. Fla. Dec. 7, 2023) (quoting U.S.S.G. § 1B1.10, Application Note 7).  "However, the proper way to request that reduction is not § 2255, but instead by motion . . . under 18 U.S.C. § 3582(c)(2) for modification of h[er] sentence on the basis of [the relevant retroactive

Amendment to the Sentencing Guidelines]." Gaskins v. United States, No. CR 313-007, 2016 WL 7856420, at *10 (S.D. Ga. Dec. 6, 2016), *adopted by* No. CV 315-094, 2017 WL 227784 (S.D. Ga. Jan. 18, 2017); see also Dillon v. United States, 560 U.S. 817, 824-28 (2010); Livsey v. United States, No. CR 18-143, 2024 WL 449385, at *4 (W.D. Pa. Feb. 6, 2024) ("[A] motion under § 3582(c)(2) cannot be bootstrapped to a § 2255 motion."); United States v. Castro-Santos, No. 8:21CR112, 2023 WL 8373470, at *1 (D. Neb. Dec. 4, 2023) (denying § 2255 petition where Amendment 821 was the only claim raised and noting the claim was "better suited for a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2)"); Hardin v. United States, No. CR 111-365, 2015 WL 1419173, at *1, *4 (S.D. Ga. Mar. 27, 2015) (Hall, J.) (finding petitioner's motion for sentence reduction was not properly brought under 28 U.S.C. § 2255); Garcia v. United States, No. SACR 10-0025 DOC, 2012 WL 3217707, at *3 (C.D. Cal. Aug. 3, 2012) ("Courts have determined that a motion for a reduction of a sentence, codified in 18 U.S.C. § 3582(c)(2), is 'beyond the scope of a habeas petition.'"); Primer on Retroactive Guideline Amendments, p. 18 (U.S. Sent'g Comm'n 2023) ("The proper vehicle for seeking a sentence reduction pursuant to an amendment made retroactive by the Commission is a motion to reduce sentence pursuant to section 3582(c)(2). A defendant may not receive such a reduction by filing a petition for habeas relief under 28 U.S.C. § 2255.").

Even if Petitioner's Amendment 821 claim could be brought in a § 2255 petition, she fails to allege the requisite prejudice to demonstrate she is entitled to habeas relief on this ground. "[S]entence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled," Dillon v. United States, 560 U.S. 817, 828 (2010), and "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice

[or] an omission inconsistent with the rudimentary demands of fair procedure.'"  Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)); see also Cox v. United States, No. CR405-009, 2010 WL 4553445, at *2 & n.2 (S.D. Ga. Nov. 3, 2010) (noting, to the extent retroactive Amendment to Sentencing Guidelines was cognizable in habeas petition, "Petitioner may only receive relief if a complete miscarriage of justice would occur absent him being resentenced" (citing Burke, 152 F.3d at 1331–32)).  Petitioner alleged no error, fundamental defect, or omission to meet this standard.  (See doc. no. 228, pp. 6-7; see also doc. no. 219, p. 7; doc. no. 233, p. 2.)  Accordingly, Petitioner has failed to demonstrate her Amendment 821 claim is properly presented as a ground for relief in her § 2255 petition.

Because the proper avenue to request the relief Petitioner seeks is § 3582, not § 2255, the Court need not consider the parties' remaining arguments regarding the timeliness of Petitioner's request and whether Petitioner's request for relief is moot following her compassionate release.  The proper course of action is to dismiss the § 2255 petition and permit Petitioner to move for relief using the proper procedural vehicle.  Should Petitioner move for a reduction of sentence pursuant to Amendment 821, she bears the burden of demonstrating she is eligible for a status points reduction.  United States v. Alvarado, No. 22-12172, 2023 WL 2386498, at *4 (11th Cir. Mar. 7, 2023) ("As the § 3582(c)(2) movant, the defendant has the burden at this stage of showing, based on those findings, that he would have received a lower guidelines range if the amendment 'had been in effect at the time of his original sentencing.'" (quoting United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013))).

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 222), Petitioner's § 2255 motion be **DISMISSED**, (doc. no. 219), this case be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 1st day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA